[No. 4195.   Decided February 18, 1902.]

CHARLES MURRAY, *Respondent,* v. JOHN J. MOYNAHAN
*et al., Appellants.*

APPEAL BOND — SUFFICIENCY — SURETY — QUALIFICATIONS.

Under Bal. Code, § 6509, which provides that an appeal bond
must be accompanied by the affidavit of the surety or sureties.
in which each surety shall state that he is a resident of this
state and is worth a certain sum mentioned in the affidavit, over
and above all debts and liabilities, in property within this state,
exclusive of property exempt from execution, and which sums so
sworn to by the surety or sureties shall be at least equal to the
penalty named in the bond if there be but one surety, or shall
amount in all to at least twice such penalty if there be more than
one surety, a bond will be deemed sufficient by the supreme court
when it has but one surety, who justifies in the exact amount of
the bond instead of double the amount thereof, and whose affi-
davit of justification, although he is a married man, does not
state he is worth the sum mentioned in separate property, but
merely follows the language of the justification prescribed by the
statute.

SAME — ATTORNEYS AS SURETY.

The fact that the surety upon an appeal bond is an attorney
at law would not disqualify him, in the absence of a statute pro-
hibiting attorneys from acting in that capacity.

SAME — ACKNOWLEDGMENT — AFFIDAVIT OF JUSTIFICATION.

The fact that the acknowledgment and affidavit of justification
upon an appeal bond are combined instead of being separately
stated is not ground of objection, where the affidavit follows the
demands of the statute.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.

*James Dawson,* for appellants.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent moves to dismiss the appeal in
this case for the following reasons:   (1)  That the bond

given is by one surety only, and that surety is a married man and his wife has not joined in said bond; (2) that the said surety is an attorney and counselor at law, duly admitted to practice in all the courts of this state; (3) that the justification upon said bond is wholly insufficient, in that the said justification is in the sum of $200 only, the amount of said bond, although but one surety has joined therein, and said surety should therefore justify in double the amount of the bond; (4) that the said surety, being married, does not, in his affidavit, state that he is worth the sum therein mentioned by him in separate property, nor in personal property which can be subjected to execution; (5) that there is no separate acknowledgment upon said bond, but that the acknowledgment and affidavit are attempted to be combined.

The first objection, that there is but one surety on the bond, is not tenable, under the statute. Section 6509, Bal Code, is as follows:

"An appeal bond, whether conditioned so as to effect a stay of proceedings or not, shall be of no force unless accompanied by the affidavit of the surety or sureties therein attached thereto, in which each surety shall state that he is a resident of this state and is worth a certain sum mentioned in such affidavit, over and above all debts and liabilities, in property within this state, exclusive of property exempt from execution, and which sums so sworn to by the surety or sureties, shall be at least equal to the penalty named in the bond if there be but one surety, or shall amount in all to at least twice such penalty if there be more than one surety."

So that it will be seen the statute specially provides for a bond on appeal with one surety. The latter part of objection 1 (viz., that the surety's wife has not joined in said bond) is raised in objection 4 (viz., that the said surety, being married, does not state that he is worth the sum

therein mentioned in separate property). The surety in
this bond does swear that he is a resident of the state of
Washington, and is worth the sum of $200, the sum named
in said bond, over and above all debts and liabilities, in
property within the state of Washington, exclusive of prop-
erty exempt from execution. · This is the justification
which the statute prescribes, and, in the absence of an in-
vestigation of the financial condition of the surety, it must
be presumed that the affidavit is true, and that the surety
has the amount justified to, which is responsive to execu-
tion issued upon the bond which he executes. If it is not
true, then the respondent's remedy is pointed out in the
next section of the Code (§ 6510), which provides that any
respondent may except to the sufficiency of the surety or
sureties in an appeal bond, within ten days after the service
on him of the notice of appeal, or within five days after
the service on him of the bond or written notice of the
filing thereof, by serving on the appellant a notice stating
that he so excepts, and specifying a place at the county
seat, and a time, not less than three nor more than ten
days distant, at which the surety or sureties are required
to attend before the superior court in which the judgment
or order appealed from was rendered or made, or before a
judge thereof, and to justify their sufficiency as sureties;
and the question of such sufficiency is there investigated
and settled by the court. It seems to us that the objection
in this respect raised by the respondent falls squarely
within the provisions of the section just quoted, and goes
exclusively to the sufficiency of the surety; for, if the
surety has not the amount that he has justified to, subject
to execution in an action on the bond, then he would be
an insufficient surety. It never could have been the inten-
tion of the legislature that the questions raised by the re-

spondent, which are matters of fact, should be tried out by the appellate court.

The second objection, that the surety is an attorney and counselor at law in this state, is also untenable, for the reason that there is no prohibitive statute in that respect. The statute on appeals to the supreme court does not provide that the sureties shall justify and have the same qualifications as bail on arrest, but § 6509, *supra,* provides the qualifications, viz., that they shall be residents of the state and worth the amount justified to, over and above all debts and liabilities, in property within this state, exclusive of property exempt from execution.

As to the third objection, the statute especially provides that, where there is but one surety, the sum sworn to may be equal to the amount named in the bond.

There seems to be no virtue in the fifth assignment, as the affidavit follows the demands of the statute.

The bond, therefore, being on its face a good bond in all respects, and the sufficiency of the bondsman being a subject which is relegated by the law to the investigation of the superior court, the motion will be denied.

REAVIS, C. J., and FULLERTON, MOUNT, WHITE, ANDERS and HADLEY, JJ., concur.